UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS ALMEDA, JR., | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No.<br>) 19-10405-FDS |
| STEPHEN SPAULDING, | )<br>)<br>) |
| Respondent. | )<br>) |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

Carlos Almeda, Jr., who is confined at FMC Devens, has filed petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the filing fee. The petition has not been served. The district court may review the petition to determine whether the respondent should be required to reply. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court need not require the filing of a response.[1] For the reasons stated below, the petition will be denied.

**I. Background**

In a 2012 proceeding in the Northern District of Texas, Almeda pleaded guilty to a single count of solicitation of a violent felony in violation of 18 U.S.C. § 373(a). *See United States v.*

---

[1] *See also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Phelps v. Reynoso*, App. No. 07-1080 (1st Cir. May 16, 2007) (holding that district court acted within its discretion by applying Rule 4 to § 2241 petition); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (same).

*Almeda*, Crim. No. 4:12-00121 (N.D. Tex.). That statute imposes criminal liability on a person who, "with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force," solicits "such other person to engage in such conduct." 18 U.S.C. § 373(a). In a superseding indictment, the government alleged that Almeda had solicited another to murder a third individual in violation of 18 U.S.C. § 1111. *See United States v. Almeda*, Crim. No. 4:12-00121 (N.D. Tex.).

Almeda stipulated that he solicited and urged someone else to direct a "hit man" to murder another federal inmate. *See id.* He also waived his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2255 and 28 U.S.C. § 2241, except as to a claim of ineffective assistance of counsel. *See id.* He retained a right to appeal on very narrow bases. *See id.* The court sentenced him to sixty months of imprisonment and three years of supervised release. *See id.* In 2014, his subsequent direct appeal was dismissed as frivolous. *See id.*

In August 2017, Almeda filed a § 2255 motion seeking to vacate his sentence due to alleged ineffective assistance of counsel. *See Almeda v. United States*, Civil Action No. 4:17-cv-00671 (N.D. Tex.). He maintained that that counsel should not have advised him to plead guilty to solicitation of a violent felony because "Title 18 U.S.C. § 373 requires a felony with the elements of force, threaten use force,. Murder is a crime that does not cite the force clause. The Petitioner is actually innoccant of 18 U.S.C. § 373." *Id.* (as in original). On May 4, 2018, the district court denied the § 2255 motion as untimely, rejecting his assertion that his purported claim of "actual innocence" entitled him to an equitable exception to the running of the limitations period:

> Almeda does not contend that he did not solicit another to commit murder. Rather, he merely contends that he is innocent because his conviction does not

2

> have a "force clause." Such a contention, however, fails to meet the definition of actual innocence. And although Almeda uses phrases like "miscarriage of justice" and "actual innocence," he has failed to provide the Court with any basis to grant him the relief that he seeks.

*Id.* (internal citation omitted). His subsequent appeal of the denial of his § 2255 was ultimately dismissed for want of prosecution. *See id.*

The present action, commenced on March 1, 2019, is essentially a reincarnation of the § 2255 motion. In his § 2241 petition, Almeda characterizes his sole ground for relief as "actual innocence." Pet. at 6. In support, he argues as follows:

> The Petitioner was charged with soliticitaion of a violent felony. 18 section 373(a) list the force clause as an element therefore the statute of conviction must bypass the force clause. The charge states solicitation to wit murder in order to convict the Petitioner of this charge the murder statute must bypass the force clause as an element. Murder conspiracy to commit murder, nor second degree murder under federal law list the force clause as an element.

*Id.* at 7 (as in original). He asks the court to vacate the conviction. *See id.* at 9.

## II. <u>Analysis</u>

Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Sustache-Rivera v. United States*, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."). However, a § 2255 motion "can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any

opportunity for judicial rectification.'" *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). The remedy provided by § 2255 does not become inadequate or ineffective simply because the motion would be untimely or is barred by the restrictions on second or successive motions. *See id.* at 98-99.

Here, Almeda does not present, and the Court cannot ascertain, any reason why a motion under § 2255 would be inadequate or ineffective to test the legality of his conviction. The petitioner's failure to file such a motion in a timely fashion does not render relief under § 2255 ineffective or inadequate. *See id.*; *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir. 1999). To the extent a claim of "actual innocence" can be the basis for finding that a motion under § 2255 is inadequate or ineffective, *see Barrett*, 178 F.3d at 52-53, his claim does not raise a true question of actual innocence. Notwithstanding his characterization of his claim, his argument is in fact based on legal insufficiency, not factual innocence. *See id.* at 49, 52-53.

### III. <u>Conclusion</u>

For the foregoing reasons, the petition is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: May 2, 2019

4